**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT JAMES DEMETRIOU, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> J.P. MORGAN CHASE BANK, N.A., <br><br> Defendant - Appellee. | No. 12-56657 <br><br> D.C. No. 2:11-cv-05522-JFW-VBK <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted: December 9, 2015[**]

Before:     WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

Robert James Demetriou appeals pro se from the district court's summary judgment in his diversity action arising from foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Kaplan v. City of N. Las Vegas*, 323 F.3d 1226, 1229 (9th Cir. 2003). We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment because JP Morgan Chase Bank, N.A. had statutory authority to initiate nonjudicial foreclosure proceedings. *See* Cal. Civ. Code § 2924(a)(1) (a "trustee, mortgagee, or beneficiary, or any of their authorized agents" may initiate the foreclosure process); *see also Jenkins v. JP Morgan Chase Bank, N.A.*, 156 Cal. Rptr. 3d 912, 928 (Ct. App. 2013) (holding that a loan servicer, as agent for the beneficiary, may record a notice of default and initiate nonjudicial foreclosure); *Gomes v. Countrywide Home Loans, Inc.*, 121 Cal. Rptr. 3d 819, 824 (Cal. Ct. App. 2011) (California law does not "provide for a judicial action to determine whether the person initiating the foreclosure process is indeed authorized" absent "a *specific factual basis* for alleging that the foreclosure was not initiated by the correct party").

We do not consider Demetriou's judicial estoppel argument because it was raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Appellee's uncontested request for judicial notice, filed on June 13, 2013, is granted.

**AFFIRMED**.